Submitted on briefs February 14, reversed March 6, 1928.

## KENNETH FORBES *v.* RALPH G. JENNINGS, SHERIFF, ET AL.

### (264 Pac. 856.)

**Statutes—In Interpreting Statute, Court will Consider Mischief to be Remedied.**

1. In interpretation of statute, court will consider mischief to be remedied thereby.

**Divorce — In Construing Statutory Amendment to Determine Whether Docketed Divorce Decree is Lien on Land as to Accrued Installments of Money for Support of Children, Court will Consider Mischief to be Remedied, and Decisions Rendered Before Amendment (Or. L., § 514, as Amended by Laws 1921, Chap. 114).**

2. In construing portion of Section 514, Or. L., added by Laws of 1921, Chapter 114, providing that divorce decree shall be final judgment as to accrued installments or payments of money for nurture or education of minor children, to determine whether such decree is lien on land for accrued and unpaid installments, court will consider mischief to be remedied by amendment, and decisions rendered prior to its passage that such decree did not create lien upon land.

124 Or.—32

Divorce — Docketed Divorce Decree, Requiring Husband to Make Payments for Maintenance of Child, Held Lien on Husband's Land as to Accrued Installments (Or. L., §§ 205, 413, and § 514, as Amended by Laws 1921, Chap. 114).

3. Docketed divorce decree, requiring husband to pay specified sum per month to wife for maintenance of minor child until child should be twenty-one years old, *held* lien on husband's land as to accrued and unpaid installments, under Section 514, Or. L., as amended by Laws of 1921, Chapter 114, providing that divorce decree shall be final judgment as to accrued installments for nurture or education of children, and Sections 205 and 413.

Parent and Child — Statutes to Enforce Duty of Father to Support Helpless Minor Offspring Should be Liberally Construed.

4. Statutes intended to enforce duty of father to support and care for helpless minor offspring should receive liberal construction, being remedial.

Divorce — Statutory Amendment Should be Liberally Construed in Determining Whether Docketed Divorce Decree is Lien on Land as to Accrued Installments of Money for Support of Children (Or. L., § 514 as Amended by Laws 1921, Chap. 114.)

5. Portion of Section 514, Or. L., added by Laws of 1921, Chapter 114, providing that divorce decree shall be final judgment as to accrued installments or payments of money for nurture or education of minor children, should receive liberal construction in determining whether docketed decree is lien on land as to accrued and unpaid installments for such purposes, since intended to enforce duty of father to support helpless minor offspring.

Divorce, 19 C. J., p. 349, n. 22, p. 358, n. 61, p. 359, n. 75, p. 360, n. 91, 97 New.
Statutes, 36 Cyc., p. 1110, n. 54, p. 1174, n. 78.

From Jackson: C. M. THOMAS, Judge.

In Banc.

This was a suit to enjoin the defendant, Ralph G. Jennings, sheriff of Jackson County, Oregon, and Hazel Edith Raymond, the plaintiff in the writ of execution, from levying upon certain real property described in the complaint. The complaint set forth that Kenneth Forbes, the plaintiff in this action, is the legal owner of the realty described in the complaint by virtue of a certain mesne conveyance from Lee Robert Raymond to W. R. Lamb, which conveyance was executed November 10, 1923, and that said prop-

erty was thereafter conveyed by Lamb and wife to plaintiff, who is now in possession thereof.

Lee Robert Raymond duly obtained a decree of divorce from Hazel Edith Raymond on the eighteenth day of November, 1922, which decree is as follows:

"This cause came on for hearing on the 18th day of November, 1922, and plaintiff appearing in person and defendant not appearing, and an order of default having been heretofore entered herein and the defendant was represented by Rawles Moore, district attorney for Jackson County, Oregon, the evidence was introduced upon said evidence, the court being fully advised and having made its findings of fact and conclusions of law; it is therefore ordered, adjudged and decreed, that plaintiff be and hereby is divorced from the defendant, Hazel Edith Raymond, that the divorce is absolute and that the bonds of matrimony heretofore and now existing between plaintiff and defendant be and the same are dissolved; that defendant subject to further orders of the court have custody of the minor child and that plaintiff pay to defendant each and every month until said minor arrives at the age of 21 years the sum of $30.00 for care and maintenance of said minor child; that the court retain jurisdiction for 6 months with the right to revoke this decree should either of the parties marry before that time."

The complaint also set forth that said decree was docketed on the judgment lien docket of said court on November 24, 1922, and said Hazel Edith Raymond, claiming it to be a lien on plaintiff's land, has caused execution to issue for collection of installments claimed by her to be due thereon and placed the same in the hands of the sheriff for service; that pursuant to said writ, he wrongfully levied upon said land and will, unless restrained, sell the same to plaintiff's injury and irreparable damage.

A temporary restraining order was granted. The defendant demurred to the complaint. The demurrer was overruled and defendants answered setting up more fully the facts of the divorce, the docketing of the decree, the fact that at the date of the conveyance to Lamb there was due in unpaid installments the sum of $300, and generally justifying under the writ and decree. The answer was demurred to as not stating a defense. The demurrer being sustained, the defendants elected to stand on their answer, and, a judgment of dismissal being entered, defendants appeal.                                        REVERSED.

For appellants there was a brief over the name of *Messrs. Newbury & Newbury.*

For respondent there was a brief over the name of *Mr. G. M. Roberts.*

McBRIDE, J.—This case presents a new and peculiar question. Prior to 1921, Section 514, Or. L., read as follows:

"Power of Court to Modify Decree. At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the suit."

In 1921, the legislature by Chapter 114, Laws of 1921, amended said section by adding the following proviso:

" * * provided, however, that such decree shall be a final judgment as to any installments or payments of money provided for therein which have accrued up to the time either party shall move the court to

set aside, alter or modify the same; and provided further, that the court shall not have the power to set aside, alter or modify such decree or any portion thereof which may provide for the payments of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which have accrued prior to the filing of such motion.''

1-3. Appellant's position is that by this amendment a decree duly docketed and requiring payments of alimony by installments becomes a lien upon the realty of the plaintiff at the date when each installment becomes due. Respondent's position is that such a decree creates no lien; but is a mere personal decree against defendant to be enforced by proceedings other than execution. The statutes of other states are so varied that few precedents, capable of being applied to the conditions existing in this state since the amendment of 1921, *supra,* are of value. One of the canons in regard to the interpretation of statutes is that the court will consider the mischief to be remedied. Applying this rule to the statute of 1921, we find that under Section 514, Or. L., as it existed before that time, this court had consistently held that an order to pay alimony or sums for maintenance was merely personal and did not create a lien upon the land of the delinquent, and that it merely created an obligation in the nature of a debt, which, in the absence of an express order to that effect, did not bind the land. Such is the effect of the holding in *Mansfield* v. *Hill,* 56 Or. 400 (107 Pac. 471, 108 Pac. 1007), which decree, so far as maintenance for the minor children was concerned, is as follows:

''That defendant pay to plaintiff for the support and education of said children, $15.00 each month

from May 5th, 1905, until the further order of the court"

and directing that unpaid installments should be a lien on defendant's real property. In this case it was held that the uncertainty in the amount of the decree and the fact that it was made subject to the further order of the court prevented its being a general lien; but constituted a continuing liability, overdue installments of which constituted a debt or claim against the estate to be presented to the executor of the estate to be paid in due course of administration. Among other matters, the court at page 408 said:

"The provision of the divorce decree for future monthly payments by defendant until the further order of the court, being for an indefinite time and amount not yet accrued, is not a definite liability or a judgment for a specific sum which may become a lien upon his property. The very idea of a lien upon property involves certainty as to the amount, so that persons dealing with defendant, as well as defendant himself, may know how much is involved; otherwise he would be precluded from dealing with his property at all, since it would be impossible for him to pay the lien. Freeman, Judgments, § 340, says: 'There can be no lien except upon such judgments as the plaintiff is entitled to satisfy by levy upon the lands of the debtor, * * The judgment must be for a specified sum.' To the same effect is Black, Judgments, § 407."

Upon a petition for rehearing, Mr. Justice EAKIN at page 412, used this language:

"As to the question of the lien of the decree in the divorce case of *Mansfield* v. *Mansfield,* in the circuit court of the state of Oregon for Multnomah County, for monthly payments for the support of the children, Section 514, B. & C. Comp., cited by counsel, makes no provision for a lien, as is the case

in some states; if the amount were a definite sum named in the decree; it would constitute a lien from the time it is docketed, under the terms of section 205, B. & C. Comp., which provides that, from the date of docketing a judgment as in this chapter provided, such judgment shall be a lien upon all the real property of the defendant within the county, etc.''

In that case, so far as the record shows, the decree had never been docketed in the lien docket, and therefore could not have been a specific lien in any event. This court was of the opinion that it was so indefinite as to duration and amount that no lien attached by virtue of the decree, and it is evident that the amendment of 1921 was enacted with the view of providing that such allowances in divorce cases should be raised from the grade of mere personal orders to the dignity of judgments. We find no reason, since the passage of such amendment, to distinguish them, as to their consequences, from other judgments involving the recovery of money. The language of the statute is explicit and reads as follows:

''Such decree shall be a final judgment as to any installments or payments of money provided for therein which have accrued up to the time either party shall move the court to set aside, alter or modify the same.''

If the decree is a final judgment, then we must look to the general statutes to discover the consequences of a final judgment. Section 205, Or. L., is as follows:

''Liens from Time of Docketing. * * From the date of docketing, a judgment * * shall be a lien upon all the real property of the defendant within the county or counties where the same is docketed or which he may afterwards acquire therein, during the time an execution may issue thereon * * .''

Section 413, Or. L., makes this section applicable to decrees in equity. So we have here a final judgment that plaintiff's grantor pay the sum of $30 per month to his divorced wife for the maintenance of their minor daughter from the date of the decree until she is twenty-one years old. After docketing such judgment, there is no uncertainty whatever as to the amount due or to become due. All the clerk has to do is to deduct the payments, if any, which payments, if the debtor is careful of his rights, the docket will disclose; and compute the number of months in which payments due have accrued, and thereafter issue an execution for such balance. It is as easy as it is to compute the balance due upon a judgment bearing interest, and it is not unusual to find installment payments provided for in decrees in equity. If this view requires precedents to support it, *Isaacs* v. *Isaacs,* 117 Va. 730 (86 S. E. 105, L. R. A. 1916B, 648), is in point. The case cited though going further than it is necessary, and further than we are asked to go in the case at bar, it is clear and definite as to the question that a lien arises as to each installment when it becomes due. In *Goff* v. *Goff,* 60 W. Va. 9 (53 S. E. 769, 9 Ann. Cas. 1083), cited in the opinion of the foregoing case, the court says:

"Does the fact that payment is to be made in future change the matter? Why should it? Here is a final adjudication of present liability, only it is to be discharged in future. Of course a decree for a gross sum as alimony is a lien by the letter of the statute. *Renick* v. *Ludington,* 14 W. Va. 367. * * By reason of our statute making 'every judgment' a general lien on all the defendant's land, there need be no specified property charged by the decree. The only question is whether future installments are a lien.

We think they are. Should the door be left open, so that Goff might by conveyance dispose of his property, and wholly defeat his wife's alimony? She has, by law, right to look to her husband's estate for reasonable support. The law shares the property, to the extent of alimony, between them."

To like effect is *Buffalo Savings Bank* v. *Hunt,* 64 Misc. Rep. 643 (119 N. Y. Supp. 1021).

The cases cited by counsel for respondent all turn upon statutes peculiar to the various states or upon special circumstances not existing in the case at bar. Thus in *Wallace* v. *Wallace,* 201 Ill. App. 323, it appears that if execution is not issued on a decree within one year, the lien thereof ceases, unless the decree affirmatively makes the judgment a lien on the land. The plaintiff in that case had a decree for alimony payable in installments, but no affirmative order making it a lien on defendant's land. She allowed a year to expire without issuing execution and defendant sold the land. The court held that the purchaser took the property free from any liability under the decree. It was further held that a decree for alimony only was a decree *in personam* and not *in rem.* Such is the case here and such is the case in any judgment for the recovery of money; but a judgment in such case duly docketed in this state is a lien on land for ten years. In Illinois such a lien only endures for one year, unless an execution is issued, and that is the reason that the plaintiff in the alimony proceeding failed of relief.

*Scott* v. *Scott,* 80 Kan. 489 (103 Pac. 1005, 133 Am. St. Rep. 217, 18 Ann. Cas. 564, 25 L. R. A. (N. S.) 132), seems, on the face of it, to be a strong case in favor of respondent's theory, especially as the statute in that state is very similar to ours in

some respects; but upon closer examination, it loses much of its force.

We find no provision making an order for alimony a "final judgment" and the court calls attention to the fact that the decree recites "that she (the wife) have no right in the real estate set out in the petition." This makes all the difference in the world between that case and the case at bar. The same may be said of the case of *Seattle Brewing & Malting Co.* v. *Talley,* 59 Wash. 168 (109 Pac. 600, 601), where the court uses this language:

"It is argued by respondent that this award of $600 in lieu of alimony is, in effect, a general judgment, and therefore became a lien upon the defendant's real estate under the statutes relating to such judgments, even though the same was not expressly made a lien by the decree. There would be some force in this argument if the court, at the time of rendering the decree, had not specifically declared that the real estate standing in the name of the defendant is 'hereby declared to be his sole and separate and individual property free and clear from all claims of the plaintiff herein of every kind and nature whatsoever.' If the court in that case had power to make the decree for alimony, or an award in lieu of alimony a lien upon the real estate, which we have seen is the rule, then it follows that the court also had power to declare that such award should not be a lien upon the real estate. This latter was done. The respondent was not thereby deterred from collecting her award because we have held that such awards may be enforced by attachment against the person. *In re Cave, supra.* It is clear, therefore, that the decree in the divorce case did not make the award of $600 a lien upon the defendant's real estate, but, instead thereof freed such real estate from the lien."

Here again we have a decision under a dissimilar statute and a different state of facts so that in the outcome we must rely upon a consideration of our own statute which, considering the evil, or supposed evil, it was intended to correct, seems reasonably clear and in consonance with justice.

4, 5. While the statutes concerning divorce may legally free parties to such proceedings from any financial or other obligation to each other, the duty of a father to support and care for his helpless minor offspring is a moral duty that inheres in the law of nature, and is enjoined by the law of God; and statutes intended to enforce it are remedial and should receive a liberal construction. Such a construction we are inclined to give to the statute we are here considering.

We do not wish to be understood as holding that a decree properly docketed creates a lien superior to a conveyance made prior to installments not due at the date of such conveyance. The cases are far from being in accord on that question and appellants concede that, as to this case, the lien does not extend to future installments not due at the date of the conveyance; and conceding, but not deciding, that such may be the law as applicable here, we are constrained to hold that in the present controversy the defendant Hazel Edith Raymond has a judgment lien on the property in controversy for all installments due at the date of the sale by Lee Robert Raymond to Lamb, and is entitled to collect the same by execution.

The judgment of the Circuit Court is therefore reversed, and the injunction dissolved, and plaintiff's suit dismissed with costs to defendants.

REVERSED.