Argued April 7, affirmed as modified and remanded May 18, 1955

# SHELLEY *v.* SHELLEY

283 P. 2d 663

*Zanley F. Galton* argued the cause for appellant.

*Thomas R. Williams,* of Portland, argued the cause and filed a brief for respondent.

Before TOOZE, ACJ, and ROSSMAN, LATOURETTE, and PERRY, Justices.

PERRY, J.

The plaintiff Patricia C. Shelley was granted a decree of divorce from the defendant Grant R. Shelley on November 21, 1951. The decree entered therein provided that the plaintiff should have the care, custody and control of the two minor children of the parties, and that the defendant should pay to the clerk of the court for the care, support, and education of the said minor children the sum of $80 per month, the first payment to be made on the first day of December, 1951, and a like sum on the first day of each succeeding month until further order of the court.

On September 24, 1952, the defendant filed his motion with the court to modify that portion of the original decree requiring the defendant to pay the sum of $80 per month for the care, support, and education of the minor children. While this motion was pending, and before the same was heard, the plaintiff, on December 18, 1952, commenced contempt proceedings against the defendant based upon the defendant's willful failure to comply with the terms of the decree of the court as to the monthly payments to be made. On January 7, 1953, the court adjudged the defendant to be guilty of contempt, and suspended the imposition of sentence upon the condition that the defendant pay to the clerk of the court the sum of $80 per month for a period of 90 days, the first payment to be made on the 23rd day of December, 1952, and a like payment on the 23rd day of January and February, 1953, and assessing attorney's fees and costs for the hearing. It was further provided in the decree that 90 days from the entry of the order the court would consider the motion of the defendant to modify the original decree entered November 21, 1951, which had provided the payments of $80 monthly for the care, support and education of the minor children.

On March 31, 1953, on hearing had on the motion of the defendant to modify the original decree, the court made the following finding of fact:

"That defendant is currently delinquent in the payments for the care, support, and education of the said minor children as provided for in said decree herein, and that the amount of said delinquency is the sum of $150.00;   *   *   *"

and caused to be entered the following decree:

"NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED: That for a period of five (5) months, beginning on

March 25, 1953, defendant pay to the clerk of this Court, on behalf of plaintiff, the sum of $30.00 per month, or a total of $150.00, on account of the delinquency arising by the failure of the defendant to pay the amounts provided by the decree herein of November 21, 1951, for the care, support and education of the minor children of plaintiff and defendant; and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That paragraph numbered 3 of the decree herein of November 21, 1951, requiring defendant to pay the sum of $80.00 per month to the Clerk of this Court for the care, support, and education of the minor children of plaintiff and defendant, be and the same is hereby modified to provide that the defendant pay the sum of $50.00 per month to the Clerk of this Court for the care, support and education of the minor children of plaintiff and defendant, until further order of this Court; and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That defendant pay to the Clerk of this Court the sum of $35.00 for plaintiff's attorneys' fees incurred herein."

From this decree as entered the plaintiff has appealed.

The plaintiff contends, (1) that all of the payments of $80 required to be made had become final judgments in any amount remaining unpaid up to and including the payment due on March 1, 1953, and that the trial court was without authority to modify that judgment; (2) that the trial court was without authority to enter a finding and decree to the effect that the defendant had made all payments required under said original decree of the court except the sum of $150; and (3) that the order of the court modifying its original decree and reducing the payments to be made from $80 to the sum of $50 per month was contrary to the evidence and facts before the court. We will consider the contentions of the plaintiff in the order in which they are above set out.

■ Prior to an amendment (Ch. 114, Oregon Laws, 1921, p. 225) there was left with the divorce court the power to modify the decree providing for the care, nurture and education of the children, or the maintenance of either party to the suit, not only payments to be made in the future, but also, upon proper showing, the installments that had already accrued: *Mason v. Mason,* 148 Or 34, 34 P2d 328; *Brandt v. Brandt,* 40 Or 477, 67 P 508; but after this amendment to the statute, which is now ORS 107.130, it was provided:

"(1) The court, or judge thereof, has the power to set aside, alter or modify at any time after a decree is given, upon the motion of either party, so much of the decree as may provide for the appointment of trustees, for the care and custody of minor children, for the nurture or education thereof, or both, or for the maintenance of either party to the suit; and such decree is a final judgment as to any instalment or payment of money provided for therein which has accrued up to the time either party makes such a motion.

"(2) The court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which has accrued prior to the filing of such motion."

And this court in *Stephens v. Stephens, et al.,* 170 Or 363, 132 P2d 992, in considering this amendment, determined that each installment as it accrued became a separate judgment upon which execution could issue. To the same effect see: *Cousineau v. Cousineau,* 155 Or 184, 63 P2d 897, 109 ALR 643; *Forbes v. Jennings,* 124 Or 497, 264 P 856.

■ Since the court by its order on the contempt matter decided that the sum of $80 should be paid by the defendant, not from the date of the filing of the motion for modification, but from the date of the modi-

fication decree, the contention of the plaintiff must be sustained, as each installment of $80 up to the date of the modification decree had become a final judgment and due, except as to that portion which may have been released by payments of the defendant.

■ The plaintiff's second contention is that the trial court was without jurisdiction to make a determination that the defendant had made all of the payments required by the original decree except the sum of $150. This court has determined in the case of *Briggs v. Briggs,* 178 Or 193, 209, 165 P2d 772, 166 ALR 666, that the court of divorce does have authority, at the request of either of the parties, to determine the balance due and owing upon any decree entered in that court.

■ The defendant's petition to modify the decree certainly contains no request for such a determination; neither does the record disclose any such request on behalf of the plaintiff. The trial court should determine only the issues as presented, and should not seek to create an issue which the parties have not requested and one not necessary to the determination of the matter before it. It does not appear from the record before us what the judgment record in the office of the clerk of the court discloses regarding the accrued installments entered as judgments against the defendant, or the payments made thereon to the clerk as required by the decree. The only evidence of any payments having been made is the evidence set forth in the counteraffidavit of the plaintiff and admissions of the defendant. Assuming, but not deciding, that no other payments were made on the gross accruals other than those set forth in the affidavit and admissions, a mathematical calculation of the balance due on the judgments entered would be far in excess of $150. The finding of fact and judgment entered in the decree on

this finding must be considered as surplusage, and of no effect.

■■ We have carefully considered the plaintiff's third contention, and we are satisfied that the trial court did not abuse its judicial discretion in modifying the decree so as to reduce the payments for the care, support and education of these children at this time. These children are wards of the court, and the children's welfare is always a matter of utmost consideration. The decree as modified may, upon application of a party, be at any time again changed in accordance with the conditions as they are then found to exist.

The decree of the trial court is affirmed as modified, and is remanded to the trial court for the purpose of entering a decree on the modification consistent with this opinion.

Neither party shall recover costs or disbursements in this court.