Argued March 10, affirmed March 29, 1967

POE, *Appellant, v.* POE, *Respondent.*

425 P. 2d 767

*John P. Misko,* Oregon City, argued the cause for appellant. On the brief were Misko, Njust & Ringle, Oregon City.

*Frank P. Santos,* Oregon City, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN and REDDING, Justices.

SLOAN, J.

In February 1950, plaintiff obtained a divorce from defendant. The decree required him to pay $15 per month as child support for each of two children. In 1952, he quit paying the child support payments. In January 1966, defendant filed a motion for a judgment in her favor for the unpaid support payments. The court allowed the motion and entered a judgment accordingly. Plaintiff then filed a motion to set aside the judgment with the claim that he quit making the payments at defendant's request, that defendant has not made an effort since 1952 to collect the support money and that she now be estopped to claim it. The trial court denied plaintiff's motion to set aside the judgment. Plaintiff appeals.

ORS 107.130 (2) provides:

"The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which has accrued prior to the filing of such motion."

This court has repeatedly held, since the finality of the installment judgment was added to the statute in 1921 (Oregon Laws 1921, ch 114, p 225), that the court is without power to modify or change support money payments once they have become a judgment.

*Shelley v. Shelley,* 1955, 204 Or 436, 283 P2d 663, reviewed the previous cases and confirmed that the statute does not permit the court to alter the prior installment judgment.

The judgment must be affirmed.