*[475]
 
 LEE, J.
 

 This is an appeal by the state of Oregon through the Support Enforcement Division of the Department of Justice from the denial of an ex parte order directing the United States Army,
 
 [1]
 
 the father’s employer, to withhold and remit money "due or to become due to him” on account of unpaid child support pursuant to a dissolution of marriage decree. The court refused to sign the order on the belief that the statute, ORS 23.777(1), which allows such orders, is "unconstitutional in that it doesn’t provide notice and an opportunity to be heard * * * and perhaps* * * it is too vague * * *.” We disagree.
 

 The father, Jennings Bryan Cox, and the mother, Benita Ruth Cox, were married August 2, 1972. On September 22,1975, a child, Georji Sue Cox, was bom of the marriage. In January 1976, the father acknowledged due service of dissolution papers and filed a waiver of his rights under the Soldiers’ and Sailors’ Civil Relief Act. On April 24, 1976, a decree of dissolution of the marriage was entered which contained provisions directing the father to pay $75 each month for support of the minor child to the Department of Human Resources, Salem, Oregon. No payments were received by that Department so the state sought to enforce the decree utilizing ORS 23.777(1) which provides in part that
 

 "In addition to any other remedy provided in law for the enforcement of support, the court, upon notice that support payments or any fees provided for in chapter 458, Oregon Laws 1975, are delinquent and application by the obligee or by the district attorney or Support Enforcement Division of the Department of Justice, shall issue an order directing any employer or trustee, including but not limited to a conservator, of the obligor to withhold and pay over to the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, money due or to become due such obligor * * *.”
 

 
 *[476]
 
 The state presented the court with a copy of the decree, a statement of the delinquent amount, and an affidavit showing that delinquency notices had been sent by certified mail to the father as provided by ORS 23.765(4).
 
 [2]
 

 The state contends that the procedure described in ORS 23.777 is constitutional notwithstanding the absence of provision for notice to the father prior to entry of the garnishment order. The issue, therefore, is whether the due process requirements of the Fourteenth Amendment require such notice.
 

 The case of
 
 Sniadach v. Family Finance Corp.,
 
 395 US 337, 89 S Ct 1820, 23 L Ed 2d 349 (1969), raised some uncertainty regarding the requirements of due process in summary procedures. In that case defendant’s employer was served with notice of garnishment the same day defendant was served with summons and complaint for an alleged claim. The employer made a return that he was holding money and defendant moved for dismissal of the garnishment proceedings for failure to satisfy the due process requirements of the Fourteenth Amendment. The Wisconsin Supreme Court sustained the trial court’s denial of the motion and the United States Supreme Court reversed because defendant had not been given notice and an
 
 *[477]
 
 opportunity to be heard before the
 
 in rent
 
 seizure of the wages.
 

 The instant case is distinguishable in that it is not a
 
 pendente lite
 
 case — it is a post judgment execution— the father has already had his opportunity to be heard. The decree constituted a
 
 final judgment
 
 for support.
 
 Poe v. Poe,
 
 246 Or 458, 425 P2d 767 (1967).
 
 Shelley v. Shelley,
 
 204 Or 436, 440, 283 P2d 663 (1955). Furthermore, in
 
 Hehr v. Tucker,
 
 256 Or 254, 472 P2d 797 (1970), the Supreme Court of Oregon considered the
 
 Sniadach
 
 case and held that a garnishment order issued the same day a foreign decree providing for the payment of child support was registered in Oregon was
 
 not
 
 violative of the due process requirements of the Fourteenth Amendment as proscribed in
 
 Sniadach.
 

 We conclude that the father had no "due process” right to further notice before the court granted the order requested by the state directing the employer to withhold money for payment of the judgment pursuant to ORS 23.777(1) which we find to be explicit rather than vague.
 

 Reversed and remanded.
 

 [1]
 

 The duty of the government to respond is not at issue.
 

 [2]
 

 ORS 23.765(4) provides:
 

 "When a support payment is delinquent, the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, shall promptly send- notice by
 
 certified mail
 
 to the defaulting party of the amount due. If payment is not made to the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, within 10 days after the notice is sent, the Department of Human Resources or the clerk of the court out of which the order is isssued, whichever is appropriate, shall send to the Support Enforcement Division of the Department of Justice or to the district attorney, whichever is appropriate, a copy of the
 
 statement of the delinquent amount.
 
 Upon receipt of a copy of the statement of the delinquent amount, the district attorney or the Support Enforcement Division may, in his or its discretion institute contempt proceedings under ORS 33.010 to 33.150
 
 or other enforcement action
 
 against the person ordered to pay the money, or, when requested by the obligee, shall institute such proceedings.” (Emphasis supplied.)