Argued and submitted April 7, affirmed October 29, 1986

STARZINGER,
nka Graham,
*Respondent,*

*v.*

STARZINGER,
*Appellant.*

(29871; CA A37358)

727 P2d 168

Timothy B. O'Neill, Salem, filed the brief for appellant.

Lee Jay Todd, North Bend, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Father appeals from a denial of his motion to set aside a judgment for past-due child support in the amount of $18,300, plus interest of $7,376.25, on the ground that mother should be equitably estopped to demand payment of the support. Because Oregon law does not recognize the principle of equitable estoppel in domestic relations cases, we affirm.

Mother and father were divorced on March 2, 1970. The divorce decree required father to pay $100 per month to mother for the support and maintenance of their two children, then aged 5 and 6 years. Mother alleges that father's compliance with the support order was "sporadic." Father was employed after the divorce and was at all times financially capable of making the support payments. In 1973, mother filed a contempt proceeding against him for his failure to meet the support obligations. The court ordered the father to comply with the decree, but he did not do so. Mother claims that she was then "advised" to forego enforcement of the contempt judgment until he had more assets. Mother remarried in 1973. Both mother and her second husband have been steadily employed since then, with a combined income in 1984 of $68,000. Neither party alleges that the children were not well cared for during that time.

In the fall of 1974, mother told father that, if he would give up exercising his visitation rights with the children, she would not initiate a contempt proceeding against him for nonpayment of child support. He agreed. For eleven years, father made no effort to visit his children, and mother made no demands for payment of child support. In 1985, father's mother died. Father was her personal representative and was likely to be a beneficiary under her will. Shortly after that death, mother sued father for accrued child support, plus interest. In September, 1985, the trial court issued a judgment for mother. Father moved to have the judgment set aside on the ground of equitable estoppel, but the trial court denied his motion. From that denial, father appeals.

■ Oregon has, in the past, refused to allow the application of equitable estoppel to cases involving child support. Although it is true that we have expressly stated that a custodial parent may, without violating public policy, unilaterally release a claim for past due child support, *Miller v.*

*Miller,* 29 Or App 723, 565 P2d 382, *rev den* 280 Or 1, (1977), that holding does not allow estoppel to be used as a defense in the present case. Both statutory and case law preclude our setting aside the trial court's denial of father's motion.

ORS 107.135(3) provides that an original judgment for support cannot be modified for the period between the time of the entry of that judgment and the time of a motion for modification. In other words, retrospective modification is not permitted. In *Eagen and Eagen,* 292 Or 492, 640 P2d 1019 (1981), the Oregon Supreme Court interpreted a former version of ORS 107.135(3).[1] The court refused to give a noncustodial father credit against his accrued unpaid child support obligation, rejecting his argument that equitable principles should apply. The court noted:

> "We are aware that some courts have set aside support judgments for equitable reasons, contrary to the general rule[,] * * * but those holdings do violence to principles protecting the integrity of judgments and have ramifications far beyond the law of domestic relations." 292 Or at 496.

*Poe v. Poe,* 246 Or 458, 425 P2d 767 (1967), involved facts very similar to the present case. In that case, the parties were divorced in 1950. The wife obtained custody of their two children by a decree requiring the husband to pay child support. The husband stopped paying in 1952, ostensibly at the wife's request. She made no effort to collect until January, 1966, when she moved for judgment for the unpaid support. The husband defended on the ground of estoppel. Affirming the trial court's judgment for the wife, the Supreme Court stated:

> "This court has repeatedly held, since the finality of the installment judgment was added to the statute in 1921 (Oregon Laws 1921, ch 114, p. 225), that the court is without power to modify or change support money payments once they have become a judgment." *Poe and Poe, supra,* 246 Or at 459.

The result here does appear to be somewhat unfair to father, but Oregon law does not allow the application of equitable

---

[1] The only difference between the former version of the statute and the present wording is that the former version lacked a provision for credit to "noncustodial" spouses with whom the children actually live.

principles under these circumstances, and we must affirm.[2]

■ Mother also asserts that the statutory 10 percent penalty for filing a frivolous appeal should be imposed upon father. ORS 19.160 provides that the penalty must be imposed "unless it appears evident to the appellate court that there was probable cause for taking the appeal." "Probable cause" is discussed by the Supreme Court in *Broyles v. Brown*, 295 Or 795, 800, 671 P2d 94 (1983):

> "Lack of probable cause would exist when there is no objective legal basis for the appeal. The objective standard looks at the probable cause of the appeal from a reasonable lawyer's perspective. The problem involved in determining whether the appeal is or is not based on probable cause is not whether the attorney acted in the honest belief that probable cause existed, but whether any reasonable lawyer would conclude that any of the true legal points asserted on appeal posed legal merit.
>
> "The term 'probable cause for appeal' does not mean probable cause for reversal of the judgment or that reversible errors were committed. It means that there is presented a case in which the appellant has assigned, or may assign, grounds that are open to doubt, or that are debatable, or over which rational, reasonable or honest discussion may arise."

We do not believe that father's appeal meets the negative criteria in *Broyles*. Accordingly, we will not impose the ORS 19.160 penalty.

Affirmed. No costs to either party.

---

[2] We note that other jurisdictions do permit the application of equitable estoppel to support cases to avoid such inequitable results. Washington, for example, has allowed a father to assert it when the mother sued for back child support seven years after she and the father entered an agreement whereby he would be released from his support obligations in return for permitting her second husband to adopt the child. *Hartman v. Smith*, 100 Wash 2d 766, 674 P2d 176 (1984).