Argued and submitted June 20, vacated in part; otherwise affirmed December 19, 1990

In the Matter of the Marriage of

Virginia Christina SAULSBURY,
nka Martin,
*Appellant,*
*and*

Patrick Michael SAULSBURY,
*Respondent.*

(D7611-16704; CA A62550)

802 P2d 707

Stephen Simms, Portland, argued the cause and filed the brief for appellant.

C. David Hall, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Mother appeals an order modifying father's child support obligation. The judgment of dissolution, entered in 1977, awarded custody of the parties' child to mother and required father to pay $125 per month child support. By November, 1981, father was substantially in arrears. At that time, mother signed a satisfaction of judgment for the arrearages in return for father's execution of a consent to adoption of the child by her new husband. Both parties were represented by counsel. By letter, mother's counsel told father's counsel that the satisfaction of judgment could be filed only after the final adoption was entered. The adoption never took place. After he signed the adoption consent, father no longer received billings from the Support Enforcement Division for child support. He had no further contact with mother, her attorney or his child.

In 1989, father received notice that an order had been entered to withhold money from his wages for child support arrearages of approximately $16,250. He moved for an order terminating support and satisfying the arrearages. Mother moved for an order requiring father to pay the arrearages and restricting his visitation.

The trial court's written order provides:

"1. The Court finds that [father] had no affirmative duties in this matter. The Court finds that [father], having executed the consent, was free at that point to assume that an adoption would go through as indicated in the absence of clear and definitive information to the contrary.

"2. The Court finds that [mother] having extracted this significant loss of rights from [father], did have an obligation to inform him that the decree of adoption had not been taken and did not do so.

"3. The Court finds that its only authority in this is as set forth in ORS 107.431, which allows modification of an award of child support for the improper denial of visitation or interference with the exercise of parental visitation rights.

"4. The Court finds that there has been such an interference by [mother] in this case.

"5. The Court finds that it is without authority to satisfy the prior judgment.

"That based upon the above specific findings it is hereby Ordered as follows:

"1.   [Father's] motion for an Order requiring [mother] to satisfy [father's] support arrearage is denied.

"2.   [Father] is granted a credit in that same amount against support which has accrued since the filing of this proceeding and which will accrue in the future."

The parties agree that the court did not have authority to satisfy the judgment for the accrued child support. ORS 107.135(5); *Eagen and Eagen,* 292 Or 492, 640 P2d 1019 (1982). However, mother argues that ORS 107.431 does not allow the court to accomplish the forbidden result by allowing a credit against future support for the past due support. She contends that the order, in effect, satisfies the judgment, because future support would not be paid as long as father pays on the arrearage. In other words, any amount paid on the arrearage is a credit against both the accrued support and the current support.[1] Father contends that the order merely terminates his future support obligation under ORS 107.431 and specifically does not affect the judgments for past due support.

However one reads the order, it is tantamount to a termination of father's future support obligation under ORS 107.431:

"(1)   At any time after a decree of annulment or dissolution of a marriage or a separation is granted, the court may set aside, alter or modify so much of the decree relating to visitation of a minor child as it deems just and proper or may terminate or modify that part of the order or decree requiring payment of money for the support of the minor child with whom visitation is being denied after:

"* * * * *

"(d)   A showing that the parent or other person having custody of the child or a person acting in that parent or other person's behalf has interfered with or denied without good cause the exercise of the parent's visitation rights."

---

[1] In response to mother's motion for reconsideration, the trial court wrote:

"The court didn't satisfy the arrearage. Whatever amount father owes he must pay but is granted retrospective credit in that amount.

"Motions for Reconsideration were abolished several years ago."

The question is whether the evidence supports a determination that mother interfered with or denied father's visitation rights. We review *de novo.*

The record is sparse. Mother did not testify. Father testified that he had assumed that his support obligation had ended and that the adoption had been completed, because he received no further demand for child support from the state. The trial court found, as father argues, that mother had an affirmative duty to notify father that she had not proceeded with the adoption. Because she did not, he contends that she interfered with his visitation rights; therefore, future support was properly terminated.

Although we cannot say that father's assumptions were unreasonable, neither can we say that mother's failure to notify him was the force that prevented him from visiting or contacting the child. The parties communicated only through their counsel, and the exchange of letters between the attorneys indicated that mother's counsel was to notify father's counsel when the adoption was completed. When that did not happen, father himself or through his attorney, ought to have inquired. He did not testify that he had any desire to contact the child, whether or not the adoption had taken place.

Portion of order granting credit against accrued support judgment vacated; otherwise affirmed. No costs to either party.