Submitted on record and briefs November 24, affirmed in
part; reversed in part December 15, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
PAYNE, *Respondent, and* PAYNE (No. 387-624),
(CA 4744), *Appellant.*
543 P2d 7

Carl E. Mautz, Portland, filed the brief for appellant.

Day and Prohaska, P.C., and Glenn H. Prohaska, Portland, filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

In a dissolution decree dated May 18, 1973 the son of the parties, then aged 4, was placed in custody of wife, who shortly thereafter moved with him to Anchorage, Alaska. The decree settled property disposition and required husband to pay $75 per month support for the boy. It contained no provision for visitation. In April 1974 wife brought the son back as she was en route to a funeral, and left him temporarily with husband. This became an all summer visitation, and when wife sought return of the boy, husband demanded air fare to return him to Alaska. Wife did not or could not raise the fare, and son stayed with father until May 1975, when wife came again, demanding custody. Father moved for change of custody to himself, and, after a hearing, in June 1975 the circuit judge denied the motion on a finding of insufficient change in circumstances, and spelled out specific

visitations and how they would be paid for in the future.

Husband appealed. He also filed another motion seeking a satisfaction of the judgment for support payments which had accrued from April 1974 to May 1975, the period while he actually was caring for the boy. This motion was heard by a pro tem circuit judge who did not have the benefit of wife's testimony because the transcript was not yet complete. Wife had in the meantime returned with the boy to Alaska, and no new testimony was presented. The pro tem judge denied the motion, and husband has appealed from that order, and the appeals are now heard together.

■ With reference to custody, it appears that both parents can give the boy good care. What he needs more than anything else is a cessation of being bounced back and forth by the actions of his parents. It appears to us from the transcript that husband was most at fault, in bringing about the present difficulties, for not sending the boy back to his mother at the end of a reasonable visitation period in 1974. Fault is not the basis for change of custody, however, except as it has a bearing in consideration of what is in a child's best interests. All circumstances considered, we think it is best to leave custody as the circuit judge decided it.

With reference to the motion to satisfy the support judgment, the transcript before us on the first motion shows that on direct examination wife testified:

"Q    Was he making his child support payments?

"A    While Darryl was here [meaning with his father]?

"Q    Well, no, while he was with you before he came down here.

"A    While he was with me?

"Q Um hmm.

"A You mean while Darryl was with me?

"Q Yes.

"A Oh, yes, right.

"Q You had no problem?

"A Oh, no. No.

"Q And you willingly agreed to deferring or not collecting child support while the boy wasn't with you?

"A (No response.)

"Q You didn't say I want child support even though the boy is not with me?

"A No."

■ This testimony was not available to the pro tem judge. We think it justifies satisfaction of the money judgment for a period of 13 months, and also justifies filing of the second motion.

■ Counsel for wife contends that because the support order is only $75 per month the judgment should be left outstanding in view of the alleged fact it will cost more than that per month to support the child. If there is to be a change in the amount of the support payment, as this argument really suggests, it should come after both parties have had an opportunity to present evidence on whether the circumstances on which support and other money matters were based have changed.

Affirmed as to the custody order; reversed as to the satisfaction of judgment order. Costs to neither party.