In the Matter of the Marriage of
CUPP, *Respondent,*
*and*
CUPP, *Appellant.*
(No. 30821, CA 6914)
560 P2d 291

J. W. Walton, Corvallis, argued the cause for

appellant. On the brief was Ringo, Walton & Eves, P.C., Corvallis.

Elton T. Lafky, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Respondent-father petitioned the trial court to modify a dissolution-of-marriage decree by (1) terminating his child support obligation as to two of his children who had passed their eighteenth birthdays, and (2) amending the records of the Department of Human Resources maintained pursuant to ORS 23.760 by deleting amounts described as arrearages in child support payments covering the periods subsequent to the two children's eighteenth birthdays.

Appellant-mother cross-petitioned for an increase in child support from $150 to $250 per month for the support of the child who is still under 18. The trial court allowed the father's motion in its entirety and increased the support of the third child to $165 per month.

Mother appeals, contending that under ORS 107.135(2) the trial court had no power to retroactively modify the support provisions of the dissolution decree and that the increase in the support payment ordered for the third child was inadequate.

The dissolution decree entered on March 6, 1975, provided:

"* * * * *

"(2) That respondent is awarded the care, custody and control of the minor children of the parties, to-wit: CYNTHIA ANN CUPP, born March 31, 1957; THOMAS SAMUEL CUPP, born May 4, 1958; & BENJAMIN MARTIN CUPP, born June 17, 1959 * * *.

"(3) That petitioner shall pay to respondent as support for the said minor children the sum of $150.00 per month per child * * * the first of said payments shall be paid on or before the 5 day of April, 1975 with like payment on or before the same day of each month thereafter during the child's minority or emancipation, or until said child is self supporting in accordance with the statutes, unless said child is attending school of higher learning as provided by statute * * *.

"* * * * *"

[ 595 ]

Cynthia attended community college for about two months immediately following her eighteenth birthday and then quit. This was about June 1. Thomas did not attend school after his eighteenth birthday.

The parties' petitions for modification were filed approximately 16 months later and the order which resulted in this appeal was entered in August of 1976. The order reads in pertinent part:

"(3) Petitioner is * * * granted credit of $2,700.00 (representing $2,100.00 for Cynthia—July, 1975 through August, 1976: $600.00 for Tom—May, 1976 through August, 1976). Said sum of $2,700.00 shall be deducted from any arrearage of child support and the record shall be satisfied accordingly.

"(4) * * * [T]he Decree of Dissolution * * * is * * * modified to provide that petitioner pay respondent the sum of $165.00 per month for Benjamin Martin Cupp * * *."

Mother's contention that the court did not have the power to grant the credit is incorrect. As each child became 18 and left school the obligation of the father to that child under the decree automatically ceased. As of that time there was nothing left to modify.[1]

As for the mother's remaining contention it is sufficient to note that there was no change of circumstances sufficient to justify an increase greater than the amount allowed by the trial court.

Affirmed. No costs to either party.

[1]The intent of the legislature that custodial parents not gain irreversible advantage over parents paying support by concealing a change of circumstances which could terminate the duty to pay is disclosed by ORS 107.415, which reads:

"(1) If a party is required by a decree of a court in a domestic relations suit, as defined in ORS 107.510, to contribute to the support, nurture or education of a minor child while the other party has custody thereof, the custodial parent shall notify the party contributing such money when the minor child receives income from his own gainful employment, or is married or enters the military service.

"(2) Any custodial parent who does not provide notice, as required by subsection (1) of this section may be required by the court to make restitution to the contributing party of any money paid, as required by the decree. The court may enter a judgment or satisfy all or part of any accrued judgment to accomplish the restitution."