In the Matter of the Marriage of
BOHM, *Respondent—Cross-Appellant,*
*and*
BOHM, *Appellant.*
(No. 76-0689, CA 7361)

566 P2d 200

Richard J. Smith, Klamath Falls, argued the cause and filed the brief for appellant.

Tim J. Helfrich, Eugene, argued the cause for respondent—cross-appellant. With him on the brief was Sahlstrom & Lombard, Eugene.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Both parties appeal the dissolution of marriage decree. Husband contends: (1) The decree should have awarded certain personal property to the party's son as they both had agreed, (2) the vendors' interest in four land sale contracts awarded to the wife should have been equally divided. The wife's cross appeal asserts she should have been allowed spouse support or in the alternative a greater share of the marital assets. In addition she argues the court erred in not giving her judgment for delinquent child support payments.

The parties were married for 34 years and had two children, a daughter who is married and a 17 year old son who was placed in custody of the wife. Husband was required to pay $150 per month child support. The husband is 56 years old and employed as an instructor at a technical school with a salary of $12,000 for a nine month school year. During the other three months he does contract work with a backhoe and tractor. In addition he buys damaged and salvageable machinery and repairs it for resale. The record does not indicate what income these activities produce.

The wife is 53 years old and in good health. At various times during the marriage she worked at various office jobs but never for long duration. Her highest take home pay had been $500 per month in 1975. Just prior to the trial in this matter she began working in a self-employed sale of home products business with an expected income of $300 per month. She testified she would like to obtain a real estate sales license which would require a six week course plus passing a state license examination. There is no evidence as to her prospects for employment in real estate sales or the amount of anticipated earnings.

The real and personal property of the parties was divided on a fairly equal basis and neither party disagrees with the distribution or valuation other than as mentioned above. The four contracts of sale awarded to the wife have a total outstanding principal

[ 51 ]

balance of approximately $30,000. The monthly payments total $345 which includes interest. There is no evidence as to the duration of these contracts but a mathematical analysis of the payment plans indicate they will be paid off in approximately eight to ten years.

■ The husband's principal contention is the wife is capable of earning $500 per month and can soon obtain a real estate sales license and that giving her the total income from the land sale contracts is inequitable. We agree with the trial court's reasoning reflected in the following statement from the court's memorandum opinion:

"* * * The Court concludes that the income from these contracts will help equalize the earning capacities of the respective parties and off set any disparity which has resulted from the award of other properties. Additionally petitioner [wife] will be enabled to obtain the schooling she proposes in order to increase her earning capacity."

■■ We likewise agree with the court that no spouse support should be awarded to wife. The $345 per month added to what she is capable of earning will diminish the disparity in earning capacities of the parties and enable her to enjoy a standard of living not disproportionate to what she enjoyed during the marriage. It follows the wife's alternate suggestion that she should be awarded a greater portion of the property to adjust the disparity in earning capacity is rejected. The approximately equal distribution of property and the award to wife of the income from the land sale contracts is an equitable distribution of the marital assets.

A temporary support order required husband to pay $150 per month child support. At the time of the trial he was in arrears $690. Wife asked for judgment in that amount. Evidence during the trial indicated the son earned approximately $900 during the period covered by the temporary support order. The court held this fact was not reported to the husband and he

was therefore entitled to an offset of that amount against the arrearage pursuant to ORS 107.415.

■ This statute provides that a custodial parent shall notify the other parent contributing child support of income the child receives from his own gainful employment. The evident purpose of this provision is to allow the noncustodial parent an opportunity to move for reduction of the child support payment. The court may require restitution if such notice is not given as required by the statute.

■ The court made a specific finding that the son's earnings had not been reported to the husband. There is no evidence in the record that the wife had or had not notified husband their son was working and earning money or that the husband had actual knowledge of this fact. There is thus no evidence to support the court's finding. The question remains, may the wife have judgment for the delinquent child support absent evidence the husband was notified of the son's income. This requires an inquiry of which party has the burden of establishing whether notice was given.

The custodial parent is entitled to a judgment for any support due and unpaid from a temporary support order. ORS 107.095(2) and 107.105(1)(h). Restitution is authorized under ORS 107.415 in the limited circumstances where the child is earning income and the custodial parent fails to give the other parent notice of this fact. This is a statutory provision for the benefit of the noncustodial parent. In order for the support paying parent to obtain restitution that parent must establish the child, who is the subject of the support order, has earned income during the period covered by the order and that the custodial parent failed to give the required notice. Since the husband failed to offer any evidence regarding notice or that he had no actual knowledge of the son's income, he cannot take advantage of the restitution requirements of ORS 107.415.

Both parties agreed certain specified personal property set forth in petitioner's exhibit three was to be

given to their son. The court, apparently by oversight, failed to include this property in the decree. This court has authority on de novo review to determine finally all matters presented in the appeal. ORS 107.115(3)(b). The decree is modified to include judgment for $690 in unpaid child support and paragraph nine is modified to include the personal property described in petitioner's exhibit three.[1]

Affirmed as modified. No costs to either party.

---

[1] The decree contained a provision awarding specific real property to husband in trust for their son. In modifying that provision to include additional property mistakenly omitted we do not decide whether it is appropriate to provide for property transfer to third parties in a decree of dissolution.