Argued and submitted October 12, 1979,
reversed February 11, 1980

In the Matter of the Marriage of
ALSPAUGH,
*Appellant,*
*and*
ALSPAUGH,
*Respondent.*

(No. 339-872, CA 13304)

605 P2d 1386

Edward H. Warren, Portland, argued the cause for appellant. With him on the briefs was Acker, Underwood, Beers, Smith & Warren, Portland.

Stephen D. Petersen, Rainier, argued the cause for respondent. With him on the brief were Robert A. Lucas and Lucas & Petersen, Rainier.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

[505]

Tanzer, P. J., dissenting.

## CAMPBELL, J.

The mother appeals from the trial court's order granting the father a partial satisfaction of a judgment for child support. We reverse.

The parties were divorced in 1969. The mother was awarded custody of a minor daughter, Dianna. The father was ordered to pay child support in the amount of $110 per month. In November 1973, at the age of 17, Dianna left the mother's home. The father was informed of this during the same month and stopped making child support payments. Between November 1973 and February 1978 Dianna was employed for short periods of time at different jobs and lived at various places in Portland and Alaska. She was "in and out" of her mother's home and never became completely self-supporting. She received some financial help from both parents.

On February 1, 1978, when Dianna reached the age of 21, the father was in arrears on his child support payments in the sum of $4,591.32.[1] Thereafter, the mother brought this proceeding under ORS 23.020. The trial court issued an order requiring the father to appear and show cause why he should not be held in contempt for failure to pay the child support. The father countered by obtaining an order requiring the mother to "show cause why an order should not be entered pursuant to ORS 107.415 to make restitution to [the father] in the amount of $4,951.32 plus interest, or, in the alternative, satisfying such judgment."[2]

---

[1] When the decree was entered in 1969 the age of majority was 21. The father's obligation to pay child support continued until Dianna reached that age. *See Lekas v. Lekas,* 23 Or App 601, 543 P2d 308 (1975), *rev den* (1976).

[2] ORS 107.415 provides:

"(1) If a party is required by a decree of a court in a domestic relations suit, as defined in ORS 107.510, to contribute to the support, nurture or education of a minor child while the other party has custody thereof, the custodial parent shall notify the party contributing such money when the minor child receives income from his own gainful employment, or is married or enters the military service.

The trial court denied the father relief under ORS 107.415 because he had actual notice of the change of his daughter's circumstances. *Bohm and Bohm,* 30 Or App 49, 566 P2d 200 (1977). The father has not cross-appealed.

The trial court held that ORS 107.415 is not an exclusive basis of relief and ordered the mother to satisfy the judgment in the amount of $3,761.32 because of "equitable considerations."[3]

The father contends that the question on appeal is: "Does a court of domestic relations have any authority to order the satisfaction for accrued and unpaid child support?"

ORS 107.135 provides:

" * * * * *

"(2) The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and *the court does not have the power to set aside, alter or modify such decree,* or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion." (emphasis added)

In interpreting a prior version of the above statute,[4] the Oregon Supreme Court in *Briggs v. Briggs,* 178 Or 193, 200-01, 165 P2d 772 (1946), said:

"By the plain provisions of the statute, accrued installments become final judgments beyond the

"(2) Any custodial parent who does not provide notice, as required by subsection (1) of this section may be required by the court to make restitution to the contributing party of any money paid, as required by the decree. The court may enter a judgment or satisfy all or part of any accrued judgment to accomplish the restitution."

[3] The trial court also found that the mother had not been a custodial parent of Dianna since November 1973, but that the mother had expended the sum of $830 on behalf of Dianna and, therefore, should have a judgment for that sum.

[4] ORS 107.135 was previously ORS 107.130 and OCLA 9-915. There have been no amendments which are material to the decision in this case.

power of the court to modify; except that, upon the filing of a motion for modification by either party, the court may, upon proper showing, modify the decree as to alimony or support money as of the date of the filing of the motion. The form in which O. C. L. A. §9-915, supra, now appears is the result of the amendment of 1921, Laws of 1921, Chap. 114, p. 225. Prior to the amendment of 1921, the power to modify applied not only to future installments but could also be exercised as to installments which had already accrued."

In *Poe v. Poe,* 246 Or 458, 425 P2d 767 (1967), at pages 459-60, the court stated:

"This court has repeatedly held, since the finality of the installment judgment was added to the statute in 1921 (Oregon Laws 1921, ch 114, p 225), that the court is without power to modify or change support money payments once they have become a judgment. *Shelley v. Shelley,* 1955, 204 Or 436, 283 P2d 663, reviewed the previous cases and confirmed that the statute does not permit the court to alter the prior installment judgment."

*See also Mason v. Mason,* 148 Or 34, 34 P2d 328 (1934).

In this case there was no motion by the father to set aside, alter or modify the decree prior to Dianna's twenty-first birthday. The delinquent child support in the amount of $4,591.32 was therefore a final judgment and the trial court did not have the power to order the mother to satisfy a portion of it. The father had actual notice of Dianna's change of status in November 1973 when Dianna moved out of the mother's home. We are not here dealing with postmajority support to cover school attendance, *Eusterman and Eusterman,* 41 Or App 717, 598 P2d 1274 (1979), nor are we dealing with an emancipated minor, ORS 109.555. At that time he could have applied to the trial court to modify the decree under ORS 107.135 (1) (a).

The father's reliance on the cases of *Payne and Payne,* 23 Or App 611, 543 P2d 7 (1975), and *Larkin v. Marshall,* 23 Or App 457, 542 P2d 1036 (1975), to

support "equitable considerations" is misplaced. In the *Larkin* case this court simply assumed for purposes of the case that equitable considerations may dictate retroactive modification, and concluded that the equities there did not support the party seeking modification. In the *Payne* case the mother testified that she did not want support for the period of time that the child had been in the custody of the father. Based on the mother's statement, this court apparently ordered a satisfaction of the judgment without taking cognizance of ORS 107.135.

Reversed. Costs to appellant.

**TANZER, P. J.,** dissenting.

The majority does an unnecessary injustice to this father and I must respectfully dissent.

ORS 107.135(2) can usually be applied with a decree, a calendar and a calculator, but its effect is not absolute.[1] If, for example, the child dies and the non-custodial parent does not promptly request modification of the decree, it is inconceivable that a judgment

---

[1] A statutory exception to the prohibition on modification of accrued child support installments is found in ORS 107.415, which provides:

"(1) If a party is required by a decree of a court in a domestic relations suit, as defined in ORS 107.510, to contribute to the support, nurture or education of a minor child while the other party has custody thereof, the custodial parent shall notify the party contributing such money when the minor child receives income from his own gainful employment, or is married or enters the military service.

"(2) Any custodial parent who does not provide notice, as required by subsection (1) of this section may be required by the court to make restitution to the contributing party of any money paid, as required by the decree. The court may enter a judgment or satisfy all or part of any accrued judgment to accomplish the restitution."

This statute is designed to prevent the custodial parent from gaining "irreversible advantage" over the contributing parent. *Cupp and Cupp,* 28 Or App 593 n 1, 560 P2d 291 (1977). The father did not receive notice of the daughter's change in circumstances from the mother, but he learned of it from another source and stopped payments. The mother therefore had not gained any advantage over the father. Because ORS 107.415 is not directly applicable, I do not rely on it to avoid the stricture of ORS 107.135(2), but it is nevertheless indicative of a legislative policy that ORS 107.135(2) is not absolute.

would be enforced to require payment of amounts accrued for support under the decree after the death of the child. The reason is that no payments would have accrued because the underlying obligation of the decree to pay for the support of the child ended when the child died.

This case is analogous. The father's obligation to contribute to the mother's ability to support the child for whom she had custody ended when the child left the mother's custody and became self-supporting. Thus, the payments stopped accruing and the trial court properly satisfied the judgment as of the date of the child's departure from the mother's home.