Argued and submitted November 19, 1980;
resubmitted in banc May 6, affirmed May 18,
reconsideration denied September 3,
petition for review allowed October 13, 1981 (291 Or 771)

# In the Matter of the Marriage of

EAGEN,
*Respondent,*
*and*
EAGEN,
*Appellant.*

(No. 82278, CA 18270)

628 P2d 428

Andrew J. Gerlicher, Portland, argued the cause and filed the brief for appellant.

Ronald E. Hergert, Oregon City, argued the cause for respondent. With him on the brief was Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

GILLETTE, J.

Warren, J., dissenting opinion.

## GILLETTE, J.

Appellant (hereinafter "mother") seeks review of a trial court decree granting her former husband (hereinafter "father") a credit against accrued but unpaid child support payments for the extended period of time the child for whose benefit the payments were to be made was actually living with father. We affirm.

In a dissolution proceeding in 1973 the custody of an 11-year old minor child of the parties was awarded to the mother. Father was required to pay child support of $150 per month until the child reached age 21, died, married, became self-supporting or was emancipated. Despite the custody decree, the child lived with her father continuously from the time of the decree until May, 1977, at which time she lived with her mother for approximately one month. Thereafter, she returned to live with her father until November, 1977, when she took up residence with her present husband, who has supported her since that time.

The father made none of the required support payments and filed no motion to modify the decree pursuant to ORS 107.135(1)(a).[1] As of May, 1980, when a writ of execution was issued at the mother's request, father's support arrearage was $10,500. In June, 1980, on father's motion, the court issued an order for mother to show cause why father should not be allowed credit for arrearages accruing since the date of the degree. After a hearing in which both parties participated, the trial court concluded that it would be inequitable to require the father to pay support for the time the child was supported by him or was emancipated. The court directed that the father be given credit for the entire amount owing and a satisfaction of the accrued judgment, with the exception of the $150 which accrued during the four weeks the child was with her mother.

---

[1] ORS 107.135(1)(a) provides:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party; * * *"

The father's obligation was to pay mother $150/month toward the support and maintenance of the child. In fact, the father has supported and maintained the child *himself,* a service performed for the mother which the evidence shows had a value of at least $150/month. Unless some statute prevents it, father is entitled to partial credit of the judgment because, so far as equity is or ought to be concerned, *he has paid it.*

Mother nonetheless insists that, in light of ORS 107.135(2), the trial court was without authority to enter the decree it entered here.

ORS 107.135(2) provides:

"(2) The decree [in a case such as this] is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, *and the court does not have the power to set aside, alter or modify such decree, or any portion thereof,* which provides for any payment of money, either for minor children or the support of a party, *which has accrued prior to the filing of such motion."* (Emphasis supplied.)

Mother's argument is based upon an incorrect premise. Despite her insistence, this is *not* a proceeding to "set aside, alter or modify" a support order as described in ORS 107.135(2). The father here does not deny that he has had the support obligation. He is not asking that it be set aside, or altered, or modified. He is asking for an order that he be allowed a credit for child support during the lengthy period of time the child was living with him—that is, a recognition that the obligation was paid. *See Cupp and Cupp,* 28 Or App 593, 560 P2d 291 (1977).

■ We have, on at least one occasion in the past, permitted a satisfaction of a part of an unpaid support obligation. In *Payne and Payne,* 23 Or App 611, 543 P2d 7 (1975), we reversed a trial court's refusal to allow a partial satisfaction of an accrued support obligation with respect to a 13-month period in which the child was in the actual custody of the parent who had the obligation to support. We did so because, as we explained it, the parent with legal custody acknowledged that she did not expect the money during the period she did not have the child in her custody.

*Id.,* 23 Or App at 613-614. *See also Cupp and Cupp, supra.* The credible evidence here, as accepted by the trial judge, indicated that the mother intentionally left her daughter with the father because the daughter might interfere with the traveling lifestyle mother chose to follow after the dissolution. Mother had, in fact, transferred the responsibility for the care and custody of the daughter to father. This case is thus much like *Payne* and, we think, calls for a similar resolution.[2]

A recent annotation in 47 ALR3d 1031 indicates that, while the majority of jurisdictions would not allow credit for payments made in a manner other than that specified by the decree (citing *Briggs v. Briggs,* 178 Or 193, 165 P2d 772 (1946)), several jurisdictions, including many of those which support the majority rule, have taken the position that the father may be allowed credit against child support arrearages for expenses accrued as a result of his custody of the child if equity would so dictate under the particular circumstances involved, provided that such an allowance would not do an injustice to the mother.

This line of cases holds that (1) credit should be allowed where payments have been made under "compulsion of circumstances," i.e., the mother "dumped" the child on the father who supported the child thereafter, or (2) credit should be allowed where the mother "consents" to father making payments in an alternative manner, i.e., he supported and raised the child himself (again citing *Briggs, supra).* These cases hold that credit will only be allowed where, as here, the payments constitute a substantial compliance with the spirit and intent of the decree. *See, e.g., Headley v. Headley,* 172 So2d 29 (Ala 1964). We agree with this approach, which we hold is not foreclosed by the

---

[2] This approach highlights the distinction between this case and our opinion in *Alspaugh and Alspaugh,* 44 Or App 505, 605 P2d 1386 (1980), upon which the mother relies. In that case, the child for whom the obligation existed had left the custodial parent's home for periods of time but was never self-supporting. We there held, one judge dissenting, that the accrued support obligation was

"* * * a final judgment and the trial court did not have the power to order the mother to satisfy a portion of it." 44 Or App at 509.

Our holding was broader than the facts required. It would have been enough to say that the father had there shown only that his wife no longer needed the money--not that he had otherwise personally fulfilled the support obligation.

language of ORS 107.135(2) because recognition of payment is not, in our opinion, an act which sets aside, alters or modifies a decree.

The mother apparently also sees some relevance in ORS 107.415,[3] which she insists was enacted to reinstate the power of the domestic relations court to modify an accrued support judgment in very specific and limited circumstances only. We do not read the statute that way. ORS 107.415 is a statute imposing a duty upon a custodial parent, and providing a penalty for that parent's failure to perform the duty. The purpose is to *provide notice;* the sanction was added only to assist in carrying out the purpose. In any event, the statute says nothing about the right of a parent who has paid his or her obligation to have that fact legally acknowledged.

We decline to countenance this mother's singularly unjust effort to undue the past and collect $10,500 which was decreed for child support and which the father has in fact paid.[4]

The decree of the trial court is affirmed. Costs to respondent.

**WARREN, J.,** dissenting.

I dissent, not because the result reached by the trial court and the majority in this court has not done what is fair in the abstract, but because I believe that under ORS 107.135(2), the court was without power to grant relief as to the accrued installments. ORS 107.135(2) provides:

---

[3] ORS 107.415 provides:

"(1) If a party is required by a decree of a court in a domestic relations suit, as defined in ORS 107.510, to contribute to the support, nurture or education of a minor child while the other party has custody thereof, the custodial parent shall notify the party contributing such money when the minor child receives income from his own gainful employment, or is married or enters the military service.

"(2) Any custodial parent who does not provide notice, as required by subsection (1) of this section may be required by the court to make restitution to the contributing party of any money paid, as required by the decree. The court may enter a judgment or satisfy all or part of any accrued judgment to accomplish the restitution."

[4] We also agree with the father's argument that the mother is estopped from denying that the payments have been made.

"(2) *The decree is a final judgment as to any instalment or payment of money which has accrued* up to the time either party makes a motion to set aside, alter or modify the decree, *and the court does not have the power to set aside, alter or modify such decree, or any portion thereof,* which provides for any payment of money, either for minor children or the support of a party, *which has accrued prior to the filing of such motion."* (Emphasis added.)

By the enactment in 1921 of what is now ORS 107.135, the power of a domestic relations court to modify an accrued installment judgment was eliminated. In *Poe v. Poe,* 246 Or 458, 459-60, 425 P2d 767 (1967), the Oregon Supreme Court noted that:

"This court has repeatedly held, since the finality of the installment judgment was added to the statute in 1921 (Or Laws 1921, ch 114, p 225) that the court is without power to modify or change support money payments once they have become a judgment. *Shelley v. Shelley,* 1955, 204 Or 436, 283 P2d 663, reviewed the previous cases and confirmed that the statute does not permit the court to alter the prior installment judgment."

*See also Walker v. Walker,* 26 Or App 701, 554 P2d 591 (1976), n 2. The majority, however, states:

"Mother's argument is based upon an incorrect premise. Despite her insistence, this is *not* a proceeding to 'set aside, alter or modify' a support order as described in ORS 107.135(2). The father here does not deny that he has had the support obligation. He is not asking that it be set aside, or altered, or modified. He is asking for an order that he be allowed a credit for child support during the lengthy period of time the child was living with him—that is, a recognition that the obligation was paid."

What the majority fails to perceive, however, is that ORS 107.135(2) provides that the decree becomes a judgment as to accrued installment payments and "the court does not have the power to set aside, alter, or modify such [judgment], or any portion thereof which has accrued prior to the filing of [a motion to modify]." What the trial court has done here is to set aside a final, unpaid installment judgment. ORS 107.135(2) clearly precludes that action. The father's direct payments for the benefit of the child, how ever well intended or generous, does not, in my view, constitute a payment satisfying the judgment.

Another consideration supports my belief that the trial court lacked authority to set aside the judgment in this case. In 1971 the Oregon legislature enacted ORS 107.415, which provides:

"(1) If a party is required by a decree of a court in a domestic relations suit, as defined in ORS 107.510, to contribute to the support, nurture or education of a minor child while the other party has custody thereof, the custodial parent shall notify the party contributing such money when the minor child receives income from his own gainful employment, or is married or enters the military service.

"(2) Any custodial parent who does not provide notice, as required by subsection (1) of this section may be required by the court to make restitution to the contributing party of any money paid, as required by the decree. The court may enter a judgment or satisfy all or part of any accrued judgment to accomplish the restitution."

The apparent purpose of the enactment of ORS 107.415 was to reinstate the power of the domestic relations court to modify an accrued support judgment in specific circumstances. In *Sullivan v. Sullivan,* 21 Or App 382, 534 P2d 1178 (1975), this court discussed the purpose of ORS 107.415, stating:

"This statute provides that a custodial parent shall notify the other parent contributing money toward a minor child's support of income the child receives from his own gainful employment. The obvious reason for this legislation is that it will give to a paying parent an opportunity to move for reduction of support if he/she wishes to do so. The court *may* require restitution if such notice is not given as required by the statute." 21 Or App at 384.

Subsequently in *Bohm and Bohm,* 30 Or App 49, 566 P2d 200 (1977), this court held that restitution under ORS 107.415 is permitted " * * * in the limited circumstances where the child is earning income and the custodial parent fails to give the other parent notice of this fact." The majority in this case, however, misconstrues the import of ORS 107.415, just as it misconstrued the import of ORS 107.135. The majority states:

"The mother apparently also sees some relevance in ORS 107.415, which she insists was enacted to reinstate the power of the domestic relations court to modify an accrued support judgment in very specific and limited

circumstances only. We do not read the statute that way. ORS 107.415 is a statute imposing a duty upon a custodial parent, and providing a penalty for that parent's failure to perform the duty. The purpose is to *provide notice;* the sanction was added only to assist in carrying out the purpose."

But the majority's statement simply begs the question: "Why did the legislature require that notice be provided of a change of circumstance"? As this court noted in *Cupp and Cupp,* 28 Or App 593, 560 P2d 291 (1977), it was the legislature's intent that custodial parents not gain irreversible advantage over parents paying support by concealing a change of circumstance which would justify the filing of a motion to reduce or terminate support. *Cupp and Cupp, supra,* 28 Or App at 596 n 1; *see also Sullivan v. Sullivan, supra;* and *Bohm and Bohm, supra,* 30 Or App at 53.

Even under ORS 107.415, the noncustodial parent is entitled to no relief where he or she has actual knowledge of the change of circumstance justifying a modification of the support obligation, unless the noncustodial parent moves for a modification of the decree. *Bohm and Bohm, supra,* 30 Or App at 53.

The father in this case, of course, does not rely on ORS 107.415 to support the trial court's judgment, for it is uncontested that he had actual notice of the change in circumstances which would have justified a modification. The father's remedy was to move for a modification of the decree and he having failed to do so, I would conclude, reluctantly, that he is entitled to no relief in this case.

The clear import of the single statutory exception provided in ORS 107.415 to the general rule that accrued installment judgments are not modifiable retroactively is that no nonstatutory exceptions exist. *Payne and Payne,* 23 Or App 611, 543 P2d 7 (1975), does not support the result reached by the majority. In *Payne,* the mother testified that she did not say she wanted child support while the child was with the father. Based upon what appeared to be a concession on the part of the mother, this court allowed a retroactive satisfaction of the judgment. *Payne* does not hold that in the absence of the mother's apparent waiver of the accrued judgment, the court had authority to satisfy

the judgment based upon nonstatutory "equitable considerations." *See Alspaugh and Alspaugh,* 44 Or App 505, 509-10, 605 P2d 1386 (1980).

The father's remedy was to apply to the trial court for a modification of the decree pursuant to ORS 107.135(1)(a). Having failed to do so, he subjected himself to a final judgment which the trial court was without the power to set aside.

Joseph, C. J., and Richardson, J., concur in this dissent.