Argued and submitted February 25, affirmed as modified June 8, 1981

ELLIS,
*Appellant,*
*v.*
ELLIS,
*Respondent.*

(No. 84178, CA 18634)

629 P2d 417

Robert L. Ackerman, Springfield, argued the cause for appellant. With him on the brief was Ackerman & De-Winter, Springfield.

Peter Sheppard, Eugene, argued the cause for respondent. On the brief was Richard C. Houghton, Eugene.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

This was a proceeding brought by appellant (hereafter "father"), a child support obligor, against respondent (hereafter "mother"), seeking (1) a declaration that the parties' two daughters had become emancipated and (2) relief from his support obligation for each child since the date she became emancipated.[1] The trial court found that the parties' oldest daughter was emancipated and therefore terminated the father's support obligation as to her, effective the day the father brought this proceeding. The court declined to relieve the father retroactively from his obligation to support her between the date she became emancipated and the date of the initiation of this proceeding. The trial court found that the parties' younger daughter was not emancipated and therefore declined to modify the decree with respect to her. Father appeals. We reverse as to the back child support payments for the older daughter, but otherwise affirm.

The parties' marriage was terminated by a decree dated June 12, 1967. Custody of the children, including two children not involved in the present dispute, was awarded to mother. Father was required to pay $37.50 per child monthly for their support. The decree was modified in 1976 to provide for payments of $60.00 per month per child. Father commenced the present proceeding on February 29, 1980.

The two children who are the subject of this proceeding are Lissa (born September 28, 1959) and Toni (born November 10, 1960). The relevant facts relating to each established at trial are as follows:

■ **LISSA.** Lissa, who had worked part-time while attending school, began working full-time upon graduation from high school in June, 1978. She soon moved into her own apartment. She purchased a car on her own credit. She was involved in a car accident in 1979 and brought an action in her own name relating to that accident in 1980. While circumstances in connection with the accident

---

[1] A third part of father's prayer, a request that the parties' dissolution decree's automatic emancipation age be reduced from 21 to 18, is not involved in this appeal.

caused her to return to live with her mother, the trial court found, and we agree, that Lissa was emancipated. We find the date of her emancipation to be November, 1978.[2] Father stopped paying child support for her. By her own admission, mother told father in 1978 that Lissa was employed and living outside the mother's home and then called the Department of Human Resources to advise them of the fact:

> "* * * I called them to let them know that I knew that Mr. Ellis wasn't paying the child support and it didn't bother me."

■ **TONI.** Toni graduated from high school in June, 1979. Although periodically employed both before and since, she had not achieved the independence of her older sister. She occasionally stayed at her sister's apartment, but her permanent residence remained with her mother. The trial court found, and we agree, that Toni never became emancipated for the purposes of this dissolution decree.

As noted, the mother had notified the Department of Human Resources when Lissa became employed full-time. The Department thereafter stopped billing the father for support for Lissa, and he has not paid any support for her since that time. The trial court nonetheless ruled that he was not entitled to any modification of or other relief from the original decree because of ORS 107.135(2), which provides:

> "(2) The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion."

We are not required to determine here whether the trial court's reliance upon ORS 107.135(2) was correct,[3]

---

[2] This is the date Lissa moved into her own apartment. Because of the disposition it made of the case, the trial court was not required to set the date of Lissa's emancipation.

[3] *But see Alspaugh and Alspaugh,* 44 Or App 505, 510, 605 P2d 1386 (1980).

because the mother, by virtue of her own conduct, has waived her claim to any support accruing after she advised father and the Department of Human Resources that she agreed to the cessation of the father's payments for Lissa. *Payne and Payne,* 23 Or App 611, 613-614, 543 P2d 7 (1975). It follows that the trial court's ruling to the contrary was error. The order of the trial court is modified to provide that the mother has waived her right to receive support for Lissa as of November 1, 1978. In all other respects, it is affirmed.

Affirmed as modified. No costs to either party.