Argued and submitted September 10, reversed and remanded with instructions October 24, 1984

In the Matter of the Marriage of

BRYANT, aka Kraus,
*Appellant,*

*and*

BRYANT,
*Respondent.*

(30384 & AP-239; CA A30871)

689 P2d 1025

Brian J. MacRitchie, Bend, argued the cause for appellant. With him on the brief was Gray, Fancher, Holmes & Hurley, Bend.

Robert L. Nash, Bend, argued the cause for respondent. With him on the brief was Johnson, Marceau, Karnopp & Petersen, Bend.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this dissolution proceeding, wife obtained a writ of garnishment on husband's bank account to execute on a judgment for accrued child support payments. Husband objected to the garnishment, claiming that he withheld the child support payments to offset a sum of his money which wife illegally converted to her use. The trial court granted husband credit on the child support judgment for the sum that wife allegedly converted and set aside the garnishment. Wife appeals, claiming that the trial court did not have authority to grant husband credit in these circumstances.[1] We agree with this contention, and reverse the order.

The parties were divorced pursuant to a judgment entered in March, 1982. The decree awarded custody of the couple's two children to wife, and provided that husband pay $1,000 per month toward their support. As part of the division of property, the decree provides that income from a certain investment (the Hahn checks) is to be equally divided between husband and wife. After a dispute arose as to the distribution of the Hahn checks, the parties agreed that the checks would be sent to husband's attorney, who would send one-half of the amount to each party.

In March, 1983, wife's attorney caused the payor of the Hahn checks to divide the payments, sending one-half of the amount directly to wife and husband. In April and May, 1983, husband's share was sent to his attorney, who mistakenly divided the checks, sending one-half to wife. In those two months, wife received an extra 25 percent of the income from this investment, amounting to $4,904.31. Wife admitted that she took this extra money, but did not concede that her taking it was wrongful. When wife refused to return this sum, husband withheld five months of child support ($5,000). Wife obtained a writ of garnishment to enforce her judgment for the accrued payments, to which husband objected.

ORS 107.135(3) provides:

"The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either

---

[1] A third provision of the order set aside an ex parte restraining order obtained by wife. Wife did not appeal that decision which is not affected by our disposition of this case.

> party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion. However, the court may allow a credit against child support arrearages for periods of time, excluding reasonable visitation unless otherwise provided by order or decree, during which the obligated parent has physical custody of the child with the knowledge and consent of the custodial parent."

This statute gives the custodial parent a final judgment as to all accrued and unpaid installments for child support, which may be enforced by any legal means available to execute a judgment. The statute also withdraws from the court the power to set aside, alter or modify the decree as to accrued instalments of child support. The only exception is that a court may allow credit against arrearages for a period of time in which the parent who is obligated to pay support had actual custody of the children.

██ ██  Accordingly, the trial court, by virtue of ORS 107.135(3), was without authority to set aside, alter or modify the decree as to the accrued and unpaid installments. Although husband may have a cause of action against wife for conversion, his remedy is to prosecute that claim, and the court may not offset an unliquidated claim against a final judgment.

The trial judge, in a letter opinion of January 12, 1984, characterized this as a proceeding seeking credit against accrued child support payments for money received by wife. Husband argued on appeal that this case is "in the nature of proceedings to enjoin enforcement of the allegedly unpaid child support judgment * * *." We accept neither of these descriptions of this case, because this action was initiated by wife, not husband, and husband did not seek an injunction in this proceeding. We view this as a proceeding to execute on a judgment for accrued child support, to which husband objects on equitable grounds. The real issue is whether husband may set up an equitable defense to this action.

In *Eagen and Eagen,* 292 Or 492, 640 P2d 1019 (1982), the decree of dissolution gave the wife custody of the couple's

child and required the husband to pay support for that child. Despite the decree, the child continued to live with her father, who neither made child support payments to the wife nor sought to modify the decree. Wife obtained a writ of execution to enforce a support arrearage of $10,500, and husband moved for an order of credit for the period during which he had custody of the child.[2] Although the majority of this court would have allowed the husband credit, 52 Or App 299, 628 P2d 428 (1982), the Supreme Court denied the husband relief, holding "that judgments cannot be set aside for equitable reasons, except for fraud or duress or some equally egregious reasons." 292 Or at 496. Similarly, this court in *Alspaugh and Alspaugh,* 44 Or App 505, 605 P2d 1386 (1980), held that ORS 107.135 prevented a court from ordering the satisfaction of accrued and unpaid child support based on equitable considerations.

In *Briggs v. Briggs,* 178 Or 193, 165 P2d 772 (1946), the Supreme Court allowed the husband credit for accrued and unpaid child support in the amount of payments which the husband made directly to the children. This case is distinguishable from *Briggs,* because there the wife consented to credit the husband for those payments.

No matter how the trial court attempted to characterize the order appealed, it in effect set aside the judgment as to accrued and unpaid child support, contrary to ORS 107.135(3). For this reason, the court erred in granting husband credit and setting aside the garnishment.

Reversed and remanded with instructions to reinstate the judgment and garnishment.

---

[2] *Eagen and Eagen,* 292 Or 492, 640 P2d 1019 (1982), arose before the amendment to ORS 107.135, which added the second sentence to what is now subsection (3), became effective. Or Laws 1981, ch 855, § 1.