In the Matter of the Marriage of

SHELDON,
*Respondent,*

*and*

SHELDON,
*Appellant.*

STATE ex rel SHELDON,
*Appellant,*

*v.*

SHELDON,
*Respondent.*

(15-79-10803; CA A38324)

728 P2d 946

Michael R. Genna and Wilson & Genna, Cottage Grove,
filed the brief for appellant.

Harry T. Carp, Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Warren and
Rossman, Judges.

WARREN, J.

## WARREN, J.

Father appeals from the judgment ordering him to enter a satisfaction of judgment for all of mother's past due child support obligations. He also contests the trial court's holding that mother was not in contempt of court and that her child support obligation be eliminated. On *de novo* review, we affirm the judgment as to the support reduction and contempt charge and write only to address the order that father enter a satisfaction of judgment for all accrued child support. On that issue, we reverse.

The parties were divorced in July, 1980. Father was awarded custody of the minor child, and mother was ordered to pay $150 per month for child support. Father was awarded the family home and was required to execute an interest bearing note in favor of mother for $13,000 to be paid in 84 monthly payments of $252.26. Mother paid approximately $1,000 in child support in the year following the decree but stopped making payments thereafter. In January, 1984, father filed in bankruptcy, discharging the debt to mother on the promissory note.

ORS 107.135 provides, in part:

"The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion. However, the court may allow a credit against child support arrearages for periods of time, excluding reasonable visitation unless otherwise provided by order or decree, during which the obligated parent has physical custody of the child with the knowledge and consent of the custodial parent."

The statute clearly provides that installments of child support that have accrued before a motion to modify is made become final judgments and are beyond the power of the court to modify. The only exception is that a court may allow a credit for any time when the parent who is obligated to pay support had actual custody of the child. *See, e.g., Bryant and Bryant,*

70 Or App 443, 446, 689 P2d 1025 (1984); *Alspaugh and Alspaugh,* 44 Or App 505, 509, 605 P2d 1386 (1980).

Mother, however, stresses that father explicity agreed to offset her child support payments against his payments on the note. She contends that, the note payments having stopped due to father's bankruptcy, she was entitled to stop her child support payments. Her contention that there was such an agreement is not supported by the record. In any event, the law in Oregon is clear that a court may not order accrued support satisfied on either equitable or estoppel grounds. *Eagen and Eagen,* 292 Or 492, 495-96, 640 P2d 1019 (1982); *Starzinger v. Starzinger,* 82 Or App 96, 727 P2d 168 (1986). Contrary to mother's contention, *Briggs v. Briggs,* 178 Or 193, 165 P2d 772 (1946), does not provide otherwise. In that case, although the court allowed the father certain credits for support payments made directly to the children, the mother had consented *on appeal* to those credits. *See Eagen and Eagen, supra,* 292 Or at 496.

Reversed as to satisfaction of child support judgment; affirmed as to modification of child support; affirmed as to contempt. No costs to either party.