Argued and submitted September 15, 1986, reversed and remanded April 22, 1987

STATE ex rel COVER,
*Respondent,*

*v.*

COVER,
*Appellant.*

(REC 5973; CA A38325)

735 P2d 1285

Brice L. Smith, Portland, argued the cause for appellant. With him on the brief was Smith & Smith, P.C., Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent State of Oregon.

Mildred J. Carmack, Portland, argued the cause for respondent Joan Carol Cover. With her on the brief were James D. Huegli and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals a judgment in a proceeding to determine arrearages and cancel execution on a judgment for unpaid child support. We review *de novo.* ORS 19.125; ORS 107.405; *see also Bryant and Bryant,* 70 Or App 443, 689 P2d 1025 (1984).

Plaintiff and defendant were divorced in December, 1969. The decree ordered that defendant pay $75 per month for support of each of his two minor children. Defendant made no child support payments after August, 1970. On March 28, 1974, the court entered a contempt judgment, which provides:

"IT IS THEREFORE ORDERED AND ADJUDGED the finding of guilty of contempt of court is entered of record and the defendant is adjudged convicted of contempt of court.

"IT IS FURTHER ADJUDGED that defendant be imprisoned in the Multnomah County Jail for a period of thirty (30) days. Defendant is given credit for ten (10) days already served and the remaining twenty (20) days shall be suspended on the following conditions: On or before April 10, 1974, defendant shall pay the sum of $100 and a like amount on or before the 25th day of April, 1974. Defendant shall in a like manner pay $100 on or before the 10th day of each following month and $100 on or before the 25th of each following month, for a total of $200 per month. Of that amount, $150 shall be applied toward current child support and $50 shall be applied toward satisfaction of the arrears in this matter."

Defendant did not appeal from that judgment. Although he accepted the benefit of 20 days' suspension of his jail sentence, he did not make the payments provided for in the judgment.

In January, 1984, plaintiff sought to garnish defendant's share of the proceeds of a settlement for the wrongful death of one of their children.[1] The writ was based on the 1969 decree. On February 27, 1984, the court entered an order renewing the March 28, 1974, contempt judgment. ORS 18.360.[2] In March, 1984, pursuant to the garnishment, plain-

---

[1] *See Williams v. Cover,* 74 Or App 711, 704 P2d 548 (1985).

[2] ORS 18.360 then provided:

"Whenever, after the entry of a judgment, a period of 10 years shall elapse, the judgment and the lien thereof shall expire. However, before the expiration of 10 years the circuit or district court for the county in which such judgment was

tiff, as personal representative of the child's estate, received $5,463.56 of the wrongful death settlement and applied it in partial satisfaction of defendant's past due child support obligations.

In July, 1985, defendant filed a "Motion to Fix Arrearages and Cancel Execution." After hearing, the court issued an opinion:

"Plaintiff claims that defendant owes her a balance of $29,262.24 through August 1985. Defendant admits to liability of $16,036.96. Plaintiff computes her arrearage based upon a beginning date of January 1970; defendant uses February 1974 as the critical date. Plaintiff counts forward from the month after the date of entry of the original decree, December 8, 1969. In this regard, the language of the decree itself is ambiguous, in that it states both that * * * 'payments shall commence immediately upon the entry of any decree of divorce and shall become due and payable thereafter on or before the 1st day of each succeeding month.' However, plaintiff chooses to use January 1970 as her starting point, which this Court will not disturb.

"On the other hand, the defendant counts backwards from the date of the execution, January 25, 1984, ten years to January 25, 1974. He claims that the payments were due on the 8th of the month. Therefore, he urges that the appropriate beginning point for the computation of arrearages is February 8, 1974, not January 1970, and any date prior to February 1974 is time-barred by statute. Further, as each minor child reached majority, no further monthly support obligation would be incurred for that child. Hence, the full ten years would never accrue. Also, since there was a change in the legal rate of interest on judgments during the 10 years in question, both rates of interest should be used.

"Plaintiff counters by stating that, within the 10 years commencing January 1970, namely on March 28, 1974, a judgment was entered by Judge Harlow F. Lenon in connection with a contempt proceeding. That judgment was docketed in the Judgment Docket in the Circuit Court of the State of Oregon for Multnomah County with other civil judgments.

docketed, on motion, may renew such judgment and cause a new entry of the same to be made in the judgment docket or the County Clerk Lien Record, whichever is applicable, after which entry the lien of the judgment shall continue for another 10 years unless sooner satisfied, and after which entry execution may issue upon such judgment for another 10 years."

Plaintiff contends that the March 28, 1974 judgment was renewed by Court Order on February 27, 1984 for an additional 10 year period.

"The Court finds that Judge Lenon entered a money judgment against defendant on March 28, 1974, which called for monthly payments of $200.00. In making this determination, the Court observes that, in each prior contempt proceeding, none was denominated a judgment. Additionally, the language used in the March 28, 1974 document uses the term 'adjudged' when ruling on the money amounts owed. Furthermore, the documents enters a satisfaction of judgment in a liquidated amount.

"The judgment was renewed by Order of Court dated March 1984, and continues to draw interest until paid in full.

"Under this analysis, and as argued by plaintiff, defendant owes plaintiff $200.00 per month plus interest from April 10, 1974 through November 10, 1985, less the amount received from the garnishment of $5,463.56, plus costs of execution, plus per diem interest until paid in full. Mr. Huegli should compute the exact amount and submit a form of order forthwith."

In November, 1985, the court entered judgment for plaintiff "against the defendant for arrearages in this matter to be fixed as of November, 1985 in the amount of $29,758.45" and directed that execution issue thereon. Defendant appeals from that judgment.

Defendant assigns as error that the court held that the order dated March 28, 1974, "was a judgment for additional child support, rather than an order holding respondent in contempt." He argues:

"1)   The order entitled 'Judgment' dated March 28, 1974, was a finding of contempt and not a judgment;

"2)   As a result, it did not increase the support payments;

"3)   It could not be renewed under the provisions of ORS 18.360; and,

"4)   The order dated November 27, 1985, and docketed December 4, 1985, was void as it was based upon a void judgment."

Plaintiff responds that the 1974 contempt order was a judgment, that it obliged defendant to pay $200 monthly from April 10, 1974, and that it was timely renewed under ORS

18.360. Plaintiff asserts that the additional $50 per month that was to be applied to pre-April, 1974, arrearages are not time-barred.[3]

■  At the time when the state initiated the 1974 contempt proceedings, *former* ORS 23.020(2) provided:

> "The court or judge thereof may enforce an order or decree in a suit by punishing the party refusing or neglecting to comply therewith, as for a contempt."

*See* also ORS 33.060. When the court exercised its contempt power in 1974 to "enforce" child support provisions of the 1969 decree, it punished defendant for his failure to pay the installments that had accrued. It convicted him of criminal contempt. *See State ex rel Dwyer v. Dwyer,* 299 Or 108, 698 P2d 957 (1985). It also suspended 20 days of his jail sentence on condition that he pay future child support plus $50 per month on arrearages. It did not, however, modify defendant's obligation under the 1969 decree to pay $150 per month in future child support, and it had no power to do so in the contempt proceeding. *See State ex rel Hodes v. Hodes,* 199 Or 305, 260 P2d 1095 (1953); *State ex rel v. Hall,* 153 Or 127, 55 P2d 1102 (1936); *see also Bryant and Bryant, supra.* Moreover, defendant was already obliged to pay the arrearages under the 1969 decree.

The provision in the contempt judgment that defendant pay an additional $50 per month was merely a condition of probation. Although defendant accepted the benefit of suspension of 20 days of his jail sentence, plaintiff's remedy for defendant's failure to abide by the condition was to have him jailed. Defendant's acceptance of the suspension did not convert the 1974 contempt judgment into a money judgment that plaintiff could enforce by writ of execution or that would support a computation of arrearages in the November, 1985, judgment.

■  When plaintiff renewed the contempt judgment in

---

[3] Plaintiff argues that the question is whether a judgment entered in a contempt proceeding that includes a provision that the defendant shall make certain monthly payments to plaintiff is a judgment subject to renewal under the provisions of ORS 18.360. Whether the contempt judgment is subject to renewal, however, is not material here, because it was not a money judgment that plaintiff is entitled to enforce by execution or which could support a computation of arrearages.

1984, therefore, she did not prevent arrearages from becoming time-barred. On the expiration of 10 years from the date of accrual of each support payment under the 1969 decree, the judgment for that payment expired. ORS 18.360. The November, 1985, judgment, however, is not void. At that time, arrearages had accrued under the 1969 decree which were not time-barred. Unlike the 1974 contempt judgment, plaintiff is entitled to enforce the November, 1985, judgment for those arrearages. The court erred, however, because it computed the arrearages incorrectly. On remand, the court should recompute the arrearages based on the 1969 decree and enter a modified judgment for plaintiff.

Reversed and remanded for proceedings not inconsistent with this opinion.