Argued and submitted December 9, 1988, affirmed as modified February 22, 1989

In the Matter of the Marriage of

RICHARDS,
*Petitioner,*

*and*

RICHARDS,
*Respondent.*

STATE ex rel RICHARDS,
aka Hartman,
*Appellant,*

*v.*

RICHARDS,
*Respondent.*

(105,912; CA A48887)

768 P2d 927

Kathleen S. Forbes, Deputy District Attorney, Salem, argued the cause and filed the brief for appellant.

No appearance by respondent.

Before Buttler, Presiding Judge, and Warren and Newman, Judges.

WARREN, J.

**WARREN, J.**

Mother appeals a judgment awarding her $2,525 in accrued child support. We increase the judgment to $3,975 and affirm the judgment as modified.

In the dissolution judgment, mother was awarded custody of the parties' child, and father was ordered to pay child support of $175 per month. Father accrued arrearages of approximately $1,400 during early 1983. He had physical custody of the child from September, 1983, through December, 1984, and, pursuant to a private agreement with mother, paid no support during those months. However, because he had not moved to modify the dissolution judgment, an additional arrearage of $2,975 accrued during that period. Mother brought this proceeding to collect $3,975, which she asserts reflects father's failure to pay support from January, 1985, through November, 1986. In response, father argues that that amount should be reduced by $2,975, the amount that he claims mother should have paid to him as child support during the time when he had the child.

As near as we can tell, the court determined father's obligation in this way: It first determined that he owed support of $1,400 for the period in early 1983 and $3,975 for 1985-86, for a total arrearage of $5,375, which is more than mother asked for in this proceeding. It did not include as an arrearage the $2,975 that father and mother had agreed that father would not pay while he had custody. Mother does not dispute that omission. However, the court also ruled that mother should have paid father child support for the months when he had custody and therefore credited him with $2,975 to reflect that, reducing the net arrearage to $2,325. The court then made an "equitable adjustment" of $200 for mother and found father's obligation to be $2,525.

■■ ORS 107.135(5) provides:

"The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such

motion. However, the court may allow a credit against child support arrearages for periods of time, excluding reasonable visitation unless otherwise provided by order or decree, during which the obligated parent has physical custody of the child with the knowledge and consent of the custodial parent."

The court was entitled to credit father's obligation for any time during which he had physical custody of the child with mother's consent. *See Eagen and Eagen,* 292 Or 492, 495-96, 640 P2d 1019 (1982); *Sheldon and Sheldon,* 82 Or App 621, 728 P2d 946 (1986), *rev den* 302 Or 615 (1987). In the absence of a motion to modify, however, it could not impose a retroactive support obligation on mother. It should not have credited father's arrearage of $5,300 by the amount that it determined that mother should have paid as support. Mother is entitled to the full amount that she seeks, $3,975.

Judgment increased to $3,975; affirmed as modified. Costs to wife.