Argued and submitted February 14, reversed and remanded on appeal; affirmed on cross-appeal May 10, 2000

## STATE OF OREGON ex rel DEPARTMENT OF HUMAN RESOURCES OF STATE OF CALIFORNIA,
on behalf of Dorothy Moreno,
*Appellant - Cross-Respondent,*

*v.*

## Gregorio RAMIREZ,
*Respondent - Cross-Appellant.*

## (97-07-186; CA A101479)

2 P3d 437

Christine A. Chute, Assistant Attorney General, argued the cause for appellant - cross-respondent. With her on the

briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Cameron McFadden argued the cause and filed the brief for respondent - cross-appellant.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

■ This action arises out of the efforts of the state to register and enforce a child support order from the State of California against father. The trial court entered judgment barring registration or enforcement of the California order on the ground that registration and enforcement are barred by laches. The state appeals, arguing that laches cannot bar registration and enforcement of a child support order. Father cross-appeals, assigning error to the trial court's denial of his motion to dismiss for lack of personal jurisdiction. We affirm on the cross-appeal without further discussion. On the appeal, we hold that laches is not a defense to the payment of child support obligations and therefore reverse and remand for registration and enforcement of the California order.

The relevant facts are not in dispute. In 1980, an order was entered in Calavaras County, California, requiring father to pay $125 per month for the support of his son. At the time the order was entered, father lived in Oregon. Since the entry of the order, father has made few, if any, child support payments.

In 1985, the state established a support order in Oregon on behalf of the State of California requiring father to pay $30 per month in child support. Since the entry of that judgment, father has paid $30 per month, as required.

In 1997, the state, on behalf of the State of California in accordance with the Uniform Interstate Family Support Act, ORS 110.303 *et seq.*, sought to register approximately $14,000 in child support arrearages that had accrued under the 1980 order up to the date of the 1985 Oregon order. Father objected and requested an administrative hearing. The administrative law judge issued an order holding that the arrearages were subject to registration and enforcement in Oregon. Father petitioned the trial court for review of the order. Father argued that, among other things, laches should bar the registration and enforcement of the 1980 order. The trial court agreed and entered judgment in favor of father.

On appeal, the state argues that the trial court erred in concluding that laches bars the enforcement of a child support order. We agree with the state. Under ORS 110.405(1), a support order issued by a tribunal of another state may be registered in Oregon for enforcement. As a general rule, the law of the issuing state governs the nature, extent, amount and duration of *current* payments. ORS 110.411(1). In a proceeding for *arrearages*, however, "the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies." Under California law, there is no statute of limitations for the enforcement of a judgment for child support.

██  Father insists that even if there is no statute of limitation as to the registration and enforcement of the California order, the Oregon court must exercise its equitable power to prevent him from being required to satisfy such a stale order. Even assuming that Oregon law may be brought to bear, however, it would not afford father the relief he seeks.[1] ORS 109.100(2) provides:

> "The [child support] order is a final judgment as to any installment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the order, *and the court does not have the power to set aside, alter or modify such order* or any portion thereof, which provides for any payment of money which has accrued prior to the filing of such motion."

(Emphasis added.) Thus, by the terms of the statute, installments of child support that already have accrued have become final judgments and are beyond the power of the court to alter. A denial of a request to register and enforce a

---

[1] The parties appear to assume that Oregon law, in fact, may be brought to bear by virtue of ORS 110.420(1)(e), which provides that:

"A party contesting the validity or enforcement *of a registered order or seeking to vacate the registration* has the burden of proving one or more of the following defenses:

"'* * * * *

"(e) There is a defense under the law of this state to the remedy sought."

(Emphasis added.) That statute, however, applies only to a challenge to the validity or enforcement of an order that already has been registered, as the emphasized language makes clear.

child support judgment, in effect, modifies the judgment retroactively to $0. The courts lack authority to do that.

We note that ORS 107.135(6), concerning modification of a dissolution judgment, contains nearly identical language:

> "The [dissolution judgment] is a final judgment as to any installment or payment of money that has accrued up to the time either party makes a motion to set aside, alter or modify the decree, *and the court does not have the power to set aside, alter or modify such decree,* or any portion thereof, that provides for any payment of money, either for minor children or for the support of a party, that has accrued prior to [a motion to modify]."

The cases construing that statute uniformly hold that a court has no authority to set aside, alter, or modify accrued and unpaid child support, even on equitable grounds. *See, e.g., O'Connor and O'Connor*, 136 Or App 538, 539 n 1, 902 P2d 114 (1995) (previously accrued arrearages "are the result of final judgments and we have no power to set aside, alter or modify them"); *Pedroza and Pedroza*, 128 Or App 102, 106-07, 875 P2d 478 (1994) (" 'the law in Oregon is clear that a court may not order accrued support satisfied on either equitable or estoppel grounds' ") (quoting *Sheldon and Sheldon*, 82 Or App 621, 624, 728 P2d 946, *rev den* 302 Or 615 (1987)). Father offers no good reason to construe ORS 109.100(2) differently.

On appeal, reversed and remanded for registration and enforcement of the California order; affirmed on cross-appeal.